[Cite as *State v. Parker*, 2026-Ohio-343.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA00043 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Stark County, Case No. 2024CR2311 |
| LANAIR GARRETT DWAYNE PARKER, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment: February 4, 2026 |

BEFORE: Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Christopher A. Piekarski, Stark County Prosecuting Attorney's Office, Canton, Ohio, for Plaintiff-Appellee; George Urban, Canton, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}** Defendant Lanair Parker seeks to overturn his domestic-violence conviction in this case, arguing that he was denied the effective assistance of counsel at trial when his attorney, after telling the jury in an opening statement that the encounter between Parker and the alleged victim had been "an accident," never brought up that term again, never called any corroborating witnesses to support such a view, and never asked for a jury instruction on the concept of accident. Because we find that defense counsel's conduct cannot rightly be described as ineffective, we leave Parker's conviction in place.

**<u>The Key Facts</u>**

**{¶2}** While at C.W.'s home during a tumultuous weekend, Parker — who was in a romantic relationship with C.W. — repeatedly argued with her over the course of two days. C.W. testified that on the second day, Parker grabbed a plate from a TV stand and

threw it at her. That plate, she told the jury, struck her in the right eye before she could move out of the way, causing immediate injury as well as a loss of vision for two weeks.

{¶3} C.W.'s friend H.S. also testified at Parker's trial, and H.S. told the jury that she and C.W. had been talking on the phone on the day of the alleged incident. During their call, H.S. said, she could hear Parker speaking loudly and aggressively and then heard C.W. scream before C.W. yelled that H.S. should call the police. According to H.S.'s trial testimony, she immediately ended her call with C.W. and dialed 9-1-1.

{¶4} The law-enforcement officer who went to C.W.'s home in response to that emergency call testified at Parker's trial too, and that officer told the jury that he arrived at C.W.'s residence to find a distraught C.W. with a large knot above her right eye.

{¶5} Soon thereafter, Parker was charged with felonious assault and domestic violence.

{¶6} During his opening statement, Parker's attorney told the jury that the evidence would show that "this was merely an accident" and was "not something that Mr. Parker intended to do." Defense counsel did not, however, pursue that theory during the balance of the trial, and in fact the term "accident" was never mentioned again in front of the jury by either party or by the trial judge. No jury instruction on accident was requested or given in the case.

{¶7} The jury returned a not-guilty verdict on the felonious-assault charge, but Parker was convicted on the domestic-violence charge. He now appeals.

**Parker's Lawyer Was Not Ineffective**

{¶8} To establish ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance fell below an objective standard of

reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

{¶9} In evaluating a trial lawyer's performance, we apply a strong presumption that his or her conduct falls within the wide range of reasonable professional assistance. *State v. Epling*, 2023-Ohio-418, ¶ 67 (5th Dist.). Generally, tactical or strategic trial decisions — even if they prove unsuccessful — do not constitute ineffective assistance of counsel. *State v. Hardman*, 2024-Ohio-300, ¶ 39 (5th Dist.).

{¶10} Parker argues that his trial counsel was ineffective by telling the jury during an opening statement that Parker's conduct had been "an accident" and then failing to pursue that claim through any questions posed to witnesses or through a request for a jury instruction. We are not persuaded, as we see neither deficient performance nor prejudice in this record.

{¶11} An attorney's choice of remarks for an opening statement falls within the realm of trial tactics and does not signify ineffective assistance of counsel. *State v. Kenney*, 2000 Ohio App. LEXIS 2185, *54 (5th Dist. May 10, 2000). Defense counsel's opening statement revealed his initial trial strategy for this case. For reasons not apparent from the record, that strategy shifted during the trial. A "'midtrial change in strategy [does not] necessarily constitute deficient performance.'" *State v. Davis*, 2017-Ohio-2916, ¶ 38 (3d Dist.), quoting *State v. Cepec*, 2016-Ohio-8076, ¶ 111. Strategic choices made after investigation of law and facts are all but unchallengeable, and these types of tactical adjustments are not grounds for an ineffective-assistance claim. *Cepec* at ¶ 123; *Davis* at ¶ 38.

**{¶12}** To be sure, Parker points to a Tenth District decision in which that court described as ineffective a criminal-defense attorney who, after telling jurors in an opening statement that his client would testify in the case, never called the defendant as a witness during the trial. *State v. Ikharo*, 2003-Ohio-2319, ¶ 20 (10th Dist.) The court's concern in that burglary case, though, focused not on the attorney's shift in strategy away from an initial intent to call the defendant as a witness but instead on the attorney's damaging disclosure, in the opening statement, of the defendant's prior sex-offense convictions. *Id.* at ¶ 18–19. That disclosure "served no purpose because appellant did not take the stand to testify in his own defense," the Tenth District explained, so counsel's decision to share that "irrelevant" information was "prejudicial," the court concluded. *Id.* at ¶ 20.

**{¶13}** Nothing like that happened in this case. Parker's trial counsel told jurors no damaging information about him. Instead, that attorney, after initially describing Parker's conduct as an accident, moved on to vigorously cross-examine the government's three witnesses before giving a closing argument in which defense counsel urged jurors to question the believability of alleged victim C.W.'s description of the events in question. Nothing about defense counsel's conduct casts doubt on the reliability of the adversarial process in this case.

**{¶14}** And of course the trial court's final instructions to the jury included the usual advisement that opening statements are not evidence and that the case had to be decided based on the evidence that had been presented during the trial. Notably, too, Parker was acquitted on the felonious-assault charge, which was the more serious of the two charges in the case.

**{¶15}** Moreover, even were we to view the performance of Parker's trial attorney as deficient, Parker has not shown any prejudice. All we see in the record is that Parker's trial lawyer mentioned the accident theory in the opening statement and then chose — for reasons unknown to us — to go in a different direction as the trial progressed. We see no reasonable probability that the outcome would have been different had defense counsel never mentioned the term "accident" in that opening statement.

**{¶16}** We also cannot fault defense counsel for not requesting a jury instruction on the concept of accident. Given that no evidence was presented during the trial that might have justified such an instruction, the trial judge surely would have declined to give it had it been requested.

**{¶17}** For the reasons explained above, the judgment of the Court of Common Pleas of Stark County is affirmed. Costs are to be paid by Appellant Lanair Parker.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.